IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARICELLIE VAZQUEZ SOLIVAN;
JACINTO TORRES SANTIAGO;
and the Conjugal Partnership
Constituted Between Them

    Plaintiff

vs

GLOBAL LEASING CORP.;
MARLENE
SEÑERIZ; JOHN DOE and the Conjugal
Partnership Constituted between them
VICTOR SEÑERIZ; JANE DOE and the
Conjugal Partnership Constituted
Between Them

    Defendants

CIVIL NO.: 97-2881 (JAF)(RJW)

DISCRIMINATION IN
EMPLOYMENT - PREGNANCY
DAMAGES

PLAINTIFFS REQUEST
TRIAL BY JURY

## ORDER OF EXECUTION

Upon the motion filed by plaintiffs herein for the execution of the judgment entered by this Court on February 25, 2000 and it appearing from the records of this Court and from plaintiffs' motion that the defendants failed to pay to the plaintiffs the sums of money adjudged to be paid under the said judgment. As certified by plaintiff through motion of execution, Defendants owe the amount of $50,000.00 as of February 25, 2000 plus 6.287% interests. The debt is divided among defendats as follows:

1.     All defendants $20,000.00

2.     Global Leasing Corp. individually, $25,000.00



2

3.  Marlene Señeriz, individually, $5,000.00

And it appearing further that more than ten days have elapsed from the entry of judgment which was not appealed.

IT IS HEREBY ORDERED that the United States Marshall shall proveed with the attachment of monies, real and/or personal property of defendants and in the appropriate case, sell at public action of the highest bidder whatever personal or real property to be previously described in a Notice of Sale.

(a)  Said public sale if deemed necessary, shall be had at the office of the Clerk of this Court or the United State Marshall for this district.

(b)  Notices of sale shall be published by the United States Marshall or Special Master once a week for at least four weeks prior to the date of the sale, in a newspaper printed regularly and having a general circulation in the island of Puerto Rico.

(c)  The United States Marshall or Special Master at the sale shall not accept in payment of the property to be sold anything but United States currency or certified checks, except in case the property be sold and adjudicated to the plaintiff, in which case the amount of the bid made by plaintiff shall be credited and deducted from its mortgage credit; the plaintiff being bound to pay in cash or certified check only any excess of its bid over the secured indebtedness then remaining unsatisfied.

(d)  The United States Marshall or Special Master may, either personally or be

3

some person designated by him to act in his name and by his authority, adjourn the sale from time to time without further publication.

(e) Upon he confirmation of the sale by this Court, the United States Marshall or Special Master shall execute and deliver a deed of conveyance of the property sold to the purchaser thereof.

SO ORDERED.

San Juan, Puerto Rico, this 8 day of May, 2000.

U.S. DISTRICT JUDGE