UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARICELLIE VAZQUEZ-SOLIVAN,
JACINTO TORRES SANTIAGO, and
the Conjugal Partnership
constituted between them,

    Plaintiffs,

    v.

GLOBAL LEASING CORP., et al.,

    Defendants.

Civil No. 97-2881 (JAF)

## OPINION AND ORDER

Plaintiffs, Maricellie Vázquez Solivan, Jacinto Torres Santiago, and their conjugal partnership, won a jury verdict against Defendants, Global Leasing Corporation, Marlene Señeríz, Víctor Señeríz, and their conjugal partnership, for discriminating against Plaintiff Maricellie Vázquez Solivan in violation of Title VII, 42 U.S.C. § 2000e-(k) (1984), and local anti-discrimination laws. Plaintiffs now move for attorney's fees pursuant to section 706k of Title VII, 42 U.S.C. § 2000e-5k (1984).

Section 706k provides that:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United

Civil No. 97-2881 (JAF)                                                      -2-

        States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5k. In such cases, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Fees are normally calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Id. at 433. However, courts retain wide latitude to make adjustments based upon the litigation. See Id. at 434. Attorney's fees determinations pursuant to section 2000e-5k are reviewed for abuse of discretion. See Tang v. State of R.I., Dept. of Elderly Affairs, 163 F.3d 7 (1st Cir. 1998) (citing Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)).

        In this case, the attorney has submitted detailed hourly records of the time he spent on this matter. Additionally, he has submitted an affidavit of a well-known and respected civil rights attorney attesting to the reasonableness of both his hours and rates. We find his hours, 147.1 out-of-court and 40 in-court; and rates, $175/hour out-of-court and $200/hour in-court, to be reasonable and consistent with prevailing rates in Puerto Rico.

        Accordingly, we **ORDER** Defendants to pay Attorney Federico Lora López $33,742.50 in attorney's fees. This amount reflects 147.1

Civil No. 97-2881 (JAF)                                                      -3-

hours out-of-court, for which the rate was $175 per hour ($25,742.50), and 40 hours in-court, for which the rate was $200 per hour ($8,000).

This Opinion and Order disposes of <u>Docket Documents Nos. 38 and 39.</u>

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of August, 2000.

JOSE ANTONIO FUSTE
U. S. District Judge

AO 72
(Rev 8/82)