IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARICELLIE VAZQUEZ SOLIVAN; et al
JACINTO TORRES SANTIAGO; and the          CIVIL NO. 97-2881 (JAF)
Conjugal Partnership Constituted Between
Them

Plaintiff

v.

GLOBAL LEASING CORP.; MARLENE          Taxation of Costs
SEÑERIZ; JOHN DOE and the Conjugal
Partnership Constituted Between Them ;
VICTOR SEÑERIZ; JANE DOE and the
Conjugal Partnership Constituted Between
Them

Defendant

### TAXATION OF COSTS

A jury trial was held before the Court, and on February 25, 2000, judgment was

entered for Plaintiffs. (Docket No. 36).  As a prevailing party, Plaintiffs filed a Verified Bill

of Cost on March 6, 2000, requesting the Clerk to tax costs in their favor in the amount of

$ 2,224.25 (Docket No. 37).  Defendants did not file an opposition to said bill of costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than

attorneys' fees shall be allowed as of course to the prevailing party."  Furthermore, 28

U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic
transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for
use in the case;





Civil No. 97-2881 (JAF)                                                    Page -2-

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987).

The Clerk of Court, having reviewed Plaintiffs' Verified Bill of Costs and the record, makes the following determinations.

**Fees of the Clerk.** Plaintiffs seek recovery of the $ 150.00 filing fee. Taxation of the clerk's fees as costs is specifically allowed by 28 U.S.C. § 1920 (1). Therefore, Plaintiffs may recover $ 150.00 as costs for fees paid to the Clerk of Court.

**Fees for Service of Summons and Subpoena.** Plaintiffs seek recovery of $ 180.00 allegedly paid for service of summons and complaint. Rule 4(c)(2) of the Federal Rules of Civil Procedure allows for the service of process by any person who is not a party and who is at least 18 years of age. It is the policy of the Office of the Clerk that service of process fees are taxable. However, Plaintiffs failed to substantiate this expense. Therefore, the recovery of the $ 180.00 allegedly paid by Plaintiffs for service of process is disallowed without prejudice.

Plaintiffs also seek to recover the amount of $ 640.00 for service of trial subpoenas. It is the policy of the Office of the Clerk that fees for trial subpoenas served on witnesses

Civil No. 97-2881 (JAF)                                                    Page -3-

who testify in court are taxable as costs.  Plaintiffs expressed that Bernaldo Caratini did not

testify at trial, therefore, the amount of $ 115.00 for service of trial subpoenas is hereby

disallowed.  Regarding the rest of the fees allegedly paid for service of subpoenas ($

525.00), Plaintiffs failed to substantiate such expenses and the same are disallowed

without prejudice.

**Deposition Costs.**  Plaintiffs seek to recover $ 763.00 for the cost of taking the

depositions of Marlene Señeriz ($ 365.00), Victor Señeriz ($ 265.00) and Bernaldo Caratini

($ 133.00).  "Although there is no express statutory authorization for the taxation of

deposition expenses as costs, courts have generally held that the cost of taking and

transcribing depositions fits within [28 U.S.C. § 1920 (2)]."  Pan American Grain Mfg. Co.

v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris

Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).

Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of

transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu

of live testimony; used for impeachment purposes; or, used in connection with a successful

motion for summary judgment.  See, Chris Craft Corp., 770 F.2d at 249;  United States v.

Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors

for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

> ... if a deposition is not introduced into evidence or used at trial, it is within
> the discretion of the district court to tax deposition costs if special
> circumstances warrant it... This Court refined this standard further when it
> held that for depositions not used at trial, the determining factor is whether
> the deposition reasonably seemed necessary at the time it was taken. Puerto
> Rico Ports Authority, 193 F.R.D. at 38 (quotations and citations omitted).

Plaintiffs allege that the depositions transcripts of Marlene Señeriz and Victor

Civil No. 97-2881 (JAF)                                                    Page -4-

Señeriz were used for impeachment purposes, while Bernaldo Caratini's deposition

transcript was used due to his non-appearance at trial. Yet, Plaintiffs failed to provide

evidence that substantiate the abovementioned costs of deposition transcripts, therefore,

these expenses are disallowed without prejudice.

**Translation of Documents.** Plaintiffs seek recovery of $ 491.25 for the costs of

translating exhibits. Local Rule 108.1 requires litigants to submit a certified translation of

any document not in the English language to be used as evidence. Reasonable costs for

the translation of documents to comply with Local Rule 108.1 will be allowed if the

documents are shown to be relevant to the litigation. See, Puerto Rico Ports Authority, 193

F.R.D. at 38. It is the policy of the Clerk of the Court to allow the costs of English

translations of documents which are filed and introduced as evidence at trial.

In the present case, Plaintiffs failed to substantiate the alleged expenses incurred

for translation of documents. These expenses are disallowed without prejudice.

WHEREFORE, a total amount of $ 150.00 is taxed as costs to Plaintiffs in the

above-captioned action. Plaintiffs shall, within ten (10) days from the date of receipt of the

taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed.

R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the

Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 8th day of July, 2003.

                              FRANCES RIOS DE MORAN
                              CLERK OF COURT

                              Angel A. Valencia-Aponte, Esq.
                              Chief Deputy Clerk